Law Offices of Vincent S. Wong
Vincent S. Wong. Esq. (VW9016)
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
Aixian Li,

                                      Civil Action No.

                     Plaintiff,
          v.

                                 **COMPLAINT**

Omakase Room By Maaser INC.
d/b/a Omakase Room By Maaser,
Xiuwen Lin,
Chun Yu Chen,
Li Hua Lin, and
Huahui Chen,

                     Defendants.
-----------------------------------------------------------------x

Plaintiff, AIXIAN LI, by her undersigned attorneys, the Law Offices of Vincent S. Wong, complaining of Defendants, hereby alleges as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action against Defendants OMAKASE ROOM BY MAASER INC. D/B/A OMAKASE ROOM BY MAASER, XIUWEN LIN, CHUN YU CHEN, LI HUA LIN, and HUAHUI CHEN, (collectively, "Defendants") to recover damages to which she is entitled: **(i)** unpaid wages for work performed for which she received less compensation than required by minimum wage laws; **(ii)** unpaid overtime compensation for work performed in excess of forty hours per week; **(iii)** spread-of-hours compensation; **(iv)** statutory damages under

the Wage Theft Prevention Act; **(v)** liquidated damages; **(vi)** attorney's fees and costs; and **(vii)** such other relief as authorized under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the New York Labor Law §§ 190, 195, 650 et seq.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

3.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

4.      This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York and the events complained of occurred in New York.

5.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this District.

## THE PARTIES

6.      Plaintiff AIXIAN LI ("Li") is an individual resident of the City and State of New York.

7.      Upon information and belief, Defendant OMAKASE ROOM BY MAASER INC. D/B/A OMAKASE ROOM BY MAASER ("Omakase Room") is a New York domestic corporation located at 321 Bleecker Street, New York, New York 10014 and operates a Japanese omakase restaurant.

8.      At all relevant times, Defendant Omakase Room has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all relevant times, Defendant Omakase Room has had gross revenues in excess of $500,000.00.

10. Upon information and belief, at relevant times herein, Defendant Omakase Room has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

11. Upon information and belief, at relevant times, Defendant Omakase Room constituted an "enterprise" as defined by the FLSA.

12. Upon information and belief, Defendant Omakase Room was an employer of Plaintiff.

13. Upon information and belief, Defendant XIUWEN LIN ("Lin") is an owner, shareholder, officer, manager, and principal of Defendant Omakase Room who possessed the authority to hire and fire employees, set wages and schedules, supervise employees, and maintain employment records.

14. Upon information and belief, Defendant Lin was involved in the day-to-day operations of Defendant Omakase Room and played an active role in managing the business.

15. Upon information and belief, Defendant CHUN YU CHEN ("Chen") is an owner, shareholder, officer, manager, and principal of Defendant Omakase Room who possessed the authority to hire and fire employees, set wages and schedules, supervise employees, and maintain employment records.

16. Upon information and belief, Defendant Chen was involved in the day-to-day operations of Defendant Omakase Room and played an active role in managing the business.

17.     Upon information and belief, Defendant Chen is listed as a principal on Defendant Omakase Room's New York State Liquor Authority License (License ID 0240-22-101571).

18.     Upon information and belief, Defendant LI HUA LIN ("Li Hua") is an owner, shareholder, officer, manager, and/or principal of Defendant Omakase Room who possessed the authority to hire and fire employees, set wages and schedules, supervise employees, and maintain employment records.

19.     Upon information and belief, Defendant Li Hua was involved in the day-to-day operations of Defendant Omakase Room and played an active role in managing the business.

20.     Upon information and belief, Defendant HUAHUI CHEN ("Huahui") is an owner, shareholder, officer, manager, and/or principal of Defendant Omakase Room who possessed the authority to hire and fire employees, set wages and schedules, supervise employees, and maintain employment records.

21.     Upon information and belief, Defendant Huahui was involved in the day-to-day operations of Defendant Omakase Room and played an active role in managing the business.

22.     Upon information and belief, Defendants Xiuwen Lin, Chun Yu Chen, Li Hua Lin, and Huahui Chen jointly owned, operated, managed, controlled, and maintained Defendant Omakase Room By Maaser Inc. d/b/a Omakase Room By Maaser as a single integrated enterprise and jointly exercised operational control over Plaintiff's employment, compensation, work schedules, and working conditions.

23.     Defendants are employers within the meaning of the FLSA and New York Labor Law.

24.     Upon information and belief, Defendants have had continuous, regular, and systematic contacts within the State of New York.

## STATEMENT OF FACTS

25.     Defendant OMAKASE ROOM BY MAASER INC. D/B/A OMAKASE ROOM BY MAASER operates a Japanese omakase restaurant located at 321 Bleecker Street, New York, New York 10014.

26.     Plaintiff was employed primarily as a kitchen worker for Defendants.

27.     Plaintiff's duties included washing dishes, cups, and glasses; steaming rice, lobster, and other seafood; cleaning fish and seafood; washing and chopping vegetables; frying breading; moving inventory; taking out trash and cleaning trash bins; cleaning refrigerators, split air-conditioning units, microwaves, floor molding, kitchen equipment, and work areas in both the front and back kitchen and other areas as instructed by the employer; accompanying Defendants to a supermarket to purchase supplies and inventory; and performing other similar kitchen and cleaning duties.

28.     Plaintiff's work was performed in the normal course of Defendants' business and was integrated into Defendants' business operations and did not involve executive or administrative responsibilities.

29.     Plaintiff was employed by Defendants from approximately January 8, 2024 through September 6, 2024.

30.     Plaintiff generally worked five (5) days per week, Tuesday through Saturday, with Sunday and Monday off.

31.     On each workday, Defendants required Plaintiff to meet Defendant Lin at a designated location - specifically, at or near the HL Supermarket on 65th Street, Brooklyn, New

York - at approximately 9:00 a.m. each workday. Defendant Lin would then transport Plaintiff from that location to the restaurant. Plaintiff's workday thus began at approximately 9:00 a.m. when she was required to report to the designated pickup location.

32.    Plaintiff generally arrived at the restaurant with Defendant Lin at approximately 10:30 a.m. and worked until approximately 10:30 p.m.

33.    Plaintiff received an unpaid meal period of approximately one and one-half (1.5) hours per day, generally from 3:00 p.m. to 4:30 p.m.

34.    Plaintiff's workday spanned from approximately 9:00 a.m. to approximately 10:30 p.m., a period of thirteen and one-half (13.5) hours. After deducting the 1.5-hour meal break, Plaintiff worked approximately twelve (12) compensable hours per day and approximately sixty (60) hours per week.

35.    Plaintiff was paid a flat weekly salary of approximately $600.00 regardless of the number of hours worked.

36.    Based on approximately sixty (60) hours worked per week, Plaintiff's effective hourly rate was substantially below the applicable New York City minimum wage of $16.00 per hour during the entire period of Plaintiff's employment.

37.    Plaintiff was paid in cash.

38.    Plaintiff was paid once per week, generally on Friday evenings.

39.    Defendants did not pay Plaintiff minimum wage compensation, overtime compensation, or spread-of-hours compensation required by law.

40.    Defendants failed to provide Plaintiff with wage notices and wage statements as required by the Wage Theft Prevention Act.

**41.** Defendants failed to provide Plaintiff with any paystubs, W-2 forms, 1099 forms, or any written records of her wages or hours.

**42.** Upon information and belief, Defendants did not maintain any time records, time clock, sign-in sheet, or other system for recording Plaintiff's hours worked.

**43.** Upon information and belief, Defendants did not post any notices from the Department of Labor regarding minimum wage requirements at the workplace.

**44.** Defendants' violations were willful and lacked a good-faith basis.

## COUNT I

### (Fair Labor Standards Act -- Minimum Wage)

**45.** Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

**46.** At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

**47.** Defendants failed to pay Plaintiff wages equal to or greater than the federal minimum wage for all hours worked.

**48.** As a result of Defendants' willful failure to compensate Plaintiff at a rate at least equal to the federal minimum wage for each hour worked, Defendants violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 206.

**49.** The foregoing conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good-faith basis within the meaning of 29 U.S.C. § 260.

50.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law -- Minimum Wage)

51.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

52.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

53.     Defendants willfully violated Plaintiff's rights by failing to pay compensation at or above the applicable minimum wage in violation of the New York Labor Law §§ 190-199, 652, and supporting regulations.

54.     Defendants' failure to pay minimum wages was willful and lacked a good-faith basis within the meaning of New York Labor Law §§ 198 and 663.

55.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs pursuant to New York Labor Law §§ 198 and 663.

## COUNT III

### (Fair Labor Standards Act -- Overtime)

56.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

57.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

**58.** Plaintiff worked in excess of forty (40) hours during one or more workweeks.

**59.** Plaintiff worked approximately sixty (60) hours per week, resulting in approximately twenty (20) overtime hours per week for which Defendants failed to pay overtime compensation.

**60.** Defendants maintained a policy and practice of failing to pay overtime compensation at one and one-half times Plaintiff's regular rate of pay for hours worked in excess of forty (40) in a workweek.

**61.** As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one and one-half times her regular rate of pay for work performed in excess of forty (40) hours per week, Defendants violated the FLSA, including 29 U.S.C. § 207.

**62.** The foregoing conduct constituted a willful violation of the FLSA and lacked a good-faith basis.

**63.** Due to Defendants' FLSA violations, Plaintiff is entitled to recover unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs.

## COUNT IV

### (New York Labor Law -- Overtime)

**64.** Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

**65.** At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law.

**66.** Defendants willfully violated Plaintiff's rights by failing to pay overtime compensation at one and one-half times Plaintiff's regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

67.    Defendants' failure to pay overtime compensation was willful and lacked a good-faith basis.

68.    Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs.

## COUNT V

### (New York Labor Law -- Spread of Hours)

69.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

70.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law.

71.    Plaintiff regularly worked shifts with a spread of hours exceeding ten (10) hours in duration. Specifically, Plaintiff's workday spread from approximately 9:00 a.m. to approximately 10:30 p.m., a spread of approximately thirteen and one-half (13.5) hours.

72.    Defendants willfully violated Plaintiff's rights by failing to pay an additional hour of pay at the applicable minimum wage rate for each day Plaintiff worked a spread of more than ten (10) hours.

73.    Defendants' failure to pay spread-of-hours compensation was willful and lacked a good-faith basis.

74.    Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover spread-of-hours compensation, liquidated damages, interest, reasonable attorneys' fees, and costs.

## COUNT VI

### (New York Labor Law -- Wage Theft Prevention Act)

75.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

76.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law.

77.     Defendants failed to provide Plaintiff with wage notices at the time of hiring as required by New York Labor Law § 195(1).

78.     Defendants failed to provide Plaintiff with accurate wage statements during her employment as required by New York Labor Law § 195(3).

79.     Defendants' violations of the Wage Theft Prevention Act were willful.

80.     Plaintiff is entitled to recover statutory damages for Defendants' failure to provide wage notices, up to the maximum amount permitted by law.

81.     Plaintiff is entitled to recover statutory damages for Defendants' failure to provide wage statements, up to the maximum amount permitted by law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

A. Unpaid minimum wages under the FLSA and New York Labor Law;

B. Unpaid overtime compensation under the FLSA and New York Labor Law;

C. Spread-of-hours compensation under the New York Labor Law;

D. Liquidated damages pursuant to the FLSA and New York Labor Law;

E. Statutory damages pursuant to New York Labor Law §§ 195(1) and 195(3);

F.  Pre-judgment interest;

G.  Post-judgment interest;

H.  Attorneys' fees and costs;

I.  Such other, further, and different relief as the Court deems just and proper.

Dated: July 22, 2026
       New York, New York

Respectfully submitted,

**LAW OFFICES OF VINCENT S. WONG**

By: */s/ Vincent S Wong*
       Vincent S. Wong, Esq. (VW9016)
       39 East Broadway, Suite 306
       New York, New York 10002
       (212) 349-6099
       *Attorneys for Plaintiff*